DECIDED JULY 27, 1916.

Certiorari; from Fulton superior court—Judge Bell. November 4, 1915.

*Mayson & Johnson, Alvin L. Richards,* for plaintiff in error.
*Moore & Pomeroy,* contra.

---

7256. CHAPMAN v. SILVER & BROTHER.

1. A glass show-window which is a permanent part of a store building is not a mere "trade fixture," but is a part of the realty.
(a) A suit for damages for the breaking of such a window can not be maintained in a justice's court.

2. While jurisdiction of the person may be waived by appearance and pleading to the merits, a party to an action can not thus confer jurisdiction upon a court which has no jurisdiction of the *subject-matter* of the suit.

DECIDED JULY 27, 1916.

Certiorari; from Richmond superior court—Judge H. C. Hammond. December 21, 1915.

*I. S. Peebles Jr.,* for plaintiff in error.  *Abram Levy,* contra.

BROYLES, J.  Silver & Brother brought suit in a justice's court against Mrs. Chapman, alleging that they had been damaged in the sum of $74.50 by reason of the defendant's automobile running into and breaking a show-window in their store on Broad street in the city of Augusta.  The defendant moved to dismiss the suit, on the ground that the justice's court was without jurisdiction of the subject-matter, as the suit was for damage to realty, and not to personal property.  This motion was overruled by the justice, who rendered judgment for the plaintiff for the full amount sued for.  The case was carried to the superior court by certiorari, the court overruled and dismissed the petition for certiorari, and the defendant excepted.  The only question to be decided here is whether, under the facts of the case, the show-window of the store building was a part of the realty.

"Realty" includes all lands, and buildings thereon, and all things permanently attached to either, or any interest therein or issuing out of or dependent thereon.  Civil Code, § 3617.  In *Guernsey* v. *Phinizy,* 113 *Ga.* 898 (39 S. E. 402, 84 Am. St. R. 270), it was held that personalty, such as bricks and lumber, when used in building a house upon land becomes realty and constitutes a part of the land, and even if the house be destroyed, the bricks and other debris, which remain upon the land, continue as a part of the realty, unless the owner manifests an intention to remove them.  In *Bagley* v. *Columbus Sou. Ry. Co.,* 98 *Ga.* 626 (25 S. E. 638, 34 L. R. A. 286, 58 Am. St. R. 335), it was held that fences permanently affixed to land are a part of the realty, and so likewise are growing crops.  In *Wright* v. *DuBignon,* 114 *Ga.* 765 (40 S. E. 747, 57 L. R. A. 669), it was held that a servant's room, water-pipes laid under the ground, and metallic gutters attached to the roof of a house to carry off rainwater, became a part of the realty, when constructed and attached thereto.  In that case it was also held that fixtures which are substantial additions to a house,

or which if taken away would damage the freehold, are considered as portions of the realty. In *Brigham* v. *Overstreet,* 128 *Ga.* 447 (57 S. E. 484, 10 L. R. A. (N. S.) 462, 11 Ann. Cas. 75), it was held that even where fixtures could be removed from the building without injury either to them or to the building, they were a part of the realty if they were attached to the building for the obvious purpose for which the building was erected, to increase its value for such purpose, and to be permanently used in connection with it: It was also held in that case that an "old partially broken sugar-cane boiler" (put under a building in a stable), from which gutters were run to a well, and which was used as a watering-trough for stock, was a part of the realty. In the same case it was held that even manure made upon a farm became appurtenant to, and should be treated as a part of, the realty. The only fixtures of a building which are held to be personalty are "trade fixtures," or "domestic or ornamental fixtures." It was contended that the window in the instant case was a "trade fixture," and consequently not a part of the realty. We do not think, however, that a show-window which is permanent in character, and used not only to attract trade, but as a substantial and permanent part of the building, to keep out the wind, rain, snow, burglars, or other intruders, can be classed as a mere "trade fixture." We are aware that some authorities hold to the contrary, but in our opinion what we have here laid down is the sounder ruling. In this case the show-window formed a part of the permanent store front, and was erected by the tenant under a contract with the landlord that the tenant was to put in all improvements, and at the expiration of the lease to turn over to the landlord the property leased, with all improvements put on it; the lessees to make all repairs and to leave the building which they had constructed on the leased land, at the expiration of the lease, or replace the old building in the same condition that it was at the time the lease was made. In our judgment this show-window was a part of the realty, and the justice's court had no jurisdiction of the suit for damages to the same.

The second headnote needs no elaboration. The judge of the superior court erred in overruling the certiorari.

*Judgment reversed.*