## NEW YORK LIFE INSURANCE COMPANY *v.* PATTEN.

An applicant for a policy of life insurance, " in his written and signed application for the policy," made a false representation as to a matter material to the risk. The application contained the following: " I agree . . that only the president, a vice-president, a second vice-president, a secretary, or the treasurer of the company can make, modify, or discharge contracts or waive any of the company's rights or requirements, and that none of these acts can be done by the agent taking this application." The insurance agent who solicited and delivered the policy knew, at the time of soliciting the writing and the delivery thereof, of this false representation made by the insured. *Held,* that, in view of the express limitations upon the power of the soliciting agent who received the application and who made manual delivery of the policy, the knowledge of such agent is not imputable to the insurer.

No. 2108. FEBRUARY 19, 1921.

Question certified by Court of Appeals (Case No. 10946).

*Bryan & Middlebrooks* and *Franklin & Langdale,* for plaintiff in error. *E. K. Wilcox,* contra.

GEORGE, J. The question certified by the Court of Appeals is based upon the following state of facts: " This was a suit upon a policy of life insurance issued by the New York Life Insurance Company. A verdict was returned in favor of the plaintiff, and a new trial was subsequently denied. The undisputed evidence showed the insured, in his written and signed application for the policy

sued upon, made a false representation as to a matter material to the risk, to wit, that no application for insurance upon his life had ever been declined or was then pending. It also appears that in that application the insured stipulated as follows: ' I agree  .  . that only the president, a vice-president, a second vice-president, a secretary, or the treasurer of the company can make, modify, or discharge contracts, or waive any of the company's rights or requirements, and that none of these acts can be done by the agent taking this application.' There was evidence showing that the defendant company's agent who solicited and delivered the policy knew, at the time of the solicitation, the writing and the delivery thereof, of this false representation made by the insured." The question is whether, in view of the express limitations contained in the application upon the authority of the agent who received the application and who made the manual delivery of the policy, the knowledge of such agent is imputable to the insurer. The question excludes that class of cases where the application contains no express limitations upon the power of the agent; it also excludes that class of cases where the application contains express limitations upon the power of the agent, but where the applicant has no notice or knowledge of such limitations, or where the agent has himself inserted false statements without authority from the applicant and without his knowledge or assent. While much may be said to the contrary, and there are many cases in other jurisdictions apparently to the contrary, nevertheless, in view of our own cases, the question propounded must be answered in the negative. In the recent case of *Reliance Life Insurance Company* v. *Hightower,* 148 *Ga.* 843, 845 (98 S. E. 469), this court ruled: " An insurance company may limit the power of its agent; and when notice that the agent's power is limited is brought home to the insured in such manner as would put a prudent man on his guard, the insured relies at his peril on any act of the agent in excess of his power. The insured is bound by plain and unambiguous limitations upon the power of the agent contained in his policy." In addition to the cases there cited see *Home Friendly Society* v. *Berry,* 94 *Ga.* 606 (21 S. E. 583). See also Keasler *v.* Mutual Life Insurance Co. of New York, 177 N. C. 394 (99 S. E. 97)—a case dealing with a Georgia contract of life insurance; Ætna Life Insurance Company *v.* Moore, 231 U. S. 543 (34 Sup. Ct. 186, 58 L. ed. 356) ; Prudential Life

Insurance Co. v. Moore, 231 U. S. 560 (34 Sup. Ct. 191, 58 L. ed. 367); Mutual Life Insurance Co. v. Hilton, 241 U. S. 613 (36 Sup. Ct. 676, 60 L. ed. 1202). Attention is again directed to the distinction between the powers of agents of fire and life companies. Generally the agent of a fire insurance company has power to fill up and issue the policies, and the acts and knowledge of such agent are the acts and knowledge of the company. There is, therefore, manifest propriety in holding that the knowledge of such agent is imputable to the company. This is true even though the policy undertakes to limit expressly the power of the agent. In other words, where the agent is charged by the company with the duty of acquiring knowledge for the company, or is clothed by the company with the actual or apparent authority to act for the company in the issuance of the policy, express limitations upon the power of such agent will not prevent the application of the general rule that knowledge of the agent as to matters within the general scope of his authority is the knowledge of the principal. *Johnson* v. *Ætna Insurance Co.*, 123 *Ga.* 404 (51 S. E. 337, 107 Am. St. Rep. 92). The applicant in the instant case expressly agreed that " the agent taking the application " could not " waive any of the company's rights or requirements." Manifestly, a life-insurance company may define and limit the power of a mere soliciting agent; and one dealing with such agent can not set up a waiver which he knew the agent had no power to make. The fact that such agent is intrusted with the policy merely for the purpose of making manual delivery thereof to the applicant does not alter the case.

*All the Justices concur.*