22402. OCEAN ACCIDENT & GUARANTEE CORPORATION LIMITED *v.* HOWELL.

DECIDED NOVEMBER 19, 1932.

*Ernest J. Haar,* for plaintiff in error.
*Hitch, Denmark & Lovett, R. B. Morris,* contra.

PER CURIAM. In an action on an accident insurance policy

Theodore Morris Howell procured a verdict and judgment against the Ocean Accident and Guarantee Corporation Limited for $1,-666.66, with interest thereon from May 9, 1931. The questions for decision are raised by the judgment overruling the defendant's motion for a new trial.

With the exception of the last special ground, which is merely an elaboration of the general grounds, the numerous special grounds relate either to the admission or rejection of evidence or to the charge of the court. The ground first referred to will, of course, receive no separate consideration; and none of the other special grounds is in proper form for this court to consider. The requirements of special exceptions have so many times been reiterated by the appellate courts of this State that we see no occasion to set out the numerous grounds referred to, with the law applicable thereto. A digest of the law in question will be found in Judge Cozart's rules as given in *Trammell* v. *Shirley, 38 Ga. App.* 710 (145 S. E. 486).

The action was brought to recover one third of $5,000, the amount of the policy, because of the loss of one of plaintiff's eyes, alleged to have resulted from an injury received in an automobile accident on February 20, 1931, in Keystone Heights, Fla. Plaintiff proved the accidental injury as alleged and the loss of his eye, and the answer admits written notice of the injury and proof of loss. It was also admitted that the premiums were paid. The policy is written for $5,000, and states that "in consideration of the premium and of the statements contained in the application, a copy of which is endorsed hereon and made a part hereof," the insurer insures the insured, a law-book salesman, against loss or disability resulting directly, independently, and exclusively of all other causes from bodily injuries effected solely through accidental means. The indemnity for the loss of an eye is fixed at "1/3 the principal sum." The policy provides also for the allowance of weekly indemnities in specified amounts under designated circumstances. The policy contains also the following quoted provisions:

"(1)  This policy includes the endorsements and attached papers, if any, and contains the entire contract of insurance. . .

"(2)  No statement made by the applicant for insurance not included herein shall avoid the policy or be used in any legal proceedings hereunder. No agent has authority to change this policy or to waive any of its provisions. . .

"(25) The copy of application endorsed hereon is hereby made a part of this contract. . ."

The application attached to the policy of insurance begins as follows: "I hereby apply for a special automobile accident policy and make the following statements as a basis therefor:" Next follow the usual questions and answers, and these in turn are followed by the signature of the applicant. Among other things, the applicant states he is employed by American Law Book Company as a law-book salesman. That part of the application with which we are particularly concerned reads as follows: "7. Q. Do your average weekly earnings exceed the single weekly indemnities payable under all insurance policies carried by you? A. Yes."

In paragraph 9 of its answer the defendant avers that plaintiff answered question 7 of the application falsely, for the reason that "his average weekly earnings did not exceed the weekly payments under all of the insurance policies carried by him at the time of the issuance of said policy, or at the time said application was written." In paragraph 10 of the answer the defendant alleges "that the loss of sight of petitioner's right eye was not due to the alleged accident, but was due to the development of a well defined nucleus cataract, and that the same was not traumatic in origin."

Section 2479 of the Civil Code (1910) reads: "Every application for insurance must be made in the utmost good faith, and the representations contained in such application are considered as covenanted to be true by the applicant. Any variation by which the nature or extent, or character of the risk is changed will void the policy." Section 2480 is as follows: "Any verbal or written representations of facts by the assured to induce the acceptance of the risk, if material, must be true, or the policy is void. If, however, the party has no knowledge, but states on the representation of others, bona fide, and so informs the insurer, the falsity of the information does not void the policy." Section 2481 reads: "A failure to state a material fact, if not done fraudulently, does not void; but the willful concealment of such fact, which would enhance the risk, will void the policy." Section 2483 reads: "Willful misrepresentation by the assured, or his agent, as to the interest of the assured, or as to other insurance, or as to any other material inquiry made, will void the policy." "A material representation is one that would influence a prudent insurer in determining

whether or not to accept the risk, or in fixing the amount of the premium in the event of such acceptance." *Empire Life Ins. Co. v. Jones,* 14 *Ga. App.* 647 (82 S. E. 62). The rule last quoted was approved in *Lee* v. *Metropolitan Life Ins. Co.,* 158 *Ga.* 517 (123 S. E. 737), and followed in *Sovereign Camp of Woodmen* v. *Parker,* 36 *Ga. App.* 695, 697 (138 S. E. 86). See also *So. Surety Co. of N. Y.* v. *Fortson,* 44 *Ga. App.* 329 (161 S. E. 679). The case last cited was on demurrer, and the application under consideration in that case contained the following provision, which does not occur in the application in the instant case: "Do you understand and agree that as each and all of the above representations are made to induce the issuance of an insurance policy, should one or more of such representations, whether actually written hereon by you or not, prove to be false, all right to recovery of indemnity . . shall be voided and forfeited to the company if such false answer were made with actual intent to deceive, or materially affect the acceptance of the risk. . .?"

We are inclined to think that the alleged false answer to question 7 of the application would amount to a material representation. But however this may be, the defendant produced competent evidence, which was not refuted, that it was. However, in regard to the application, we quote as follows from the testimony of T. M. Howell: "The gentleman who talked to me about insurance had what I supposed was an application blank. He said all it required was the name and address, and that he would issue it then and there, but, when he could not find the policy that he wanted to issue, he told me finally that he would mail it to me, and it was later mailed to me. I signed the application while I was there. The answers are not in my handwriting. I did not fill out the answers to the questions." In answering a question propounded by counsel for defendant as to whether the insurer's agent "just wrote that in" (reference being had to the affirmative answer to question 7 of the application for insurance), the insured answered: "If it is in there he did, because we discussed that before I took the insurance. I told this gentleman I had all the weekly indemnity I wanted covered by other insurance, and all I was interested in was protection against automobile accidents. He said this: 'That's all right,' but he said: 'No matter how much you carry, you can't collect more than you earn, no matter how much you

carry.'" The testimony of the plaintiff in regard to the application was not challenged. We here quote as follows from headnotes 1 and 2 of the decision in *Clubb* v. *American Accident Co.*, 97 *Ga.* 502 (25 S. E. 333). "1. Where soliciting and forwarding applications for policies of insurance was within the scope of the duties of an agent of an insurance company, and such agent undertook to prepare for another an application for insurance and willfully inserted therein a false answer to a material question, he will be regarded in so doing as the agent of the company, and not of the applicant, and the agent's knowledge of the falsity of the answer will be imputed to the company." "2. Although, in such case, the application was, by its terms, a part of the contract of insurance, and was signed by the person to whom the policy was subsequently issued, if the latter was fraudulently misled and deceived by the agent as to the contents of the application in the respect indicated, and was in fact ignorant that it contained the false answer in question, the company will not be allowed to avoid the policy on the ground of a false warranty in relation to that answer." The foregoing decision was followed in *Travelers Protective Asso.* v. *Belote,* 21 *Ga. App.* 610 (2, 3) (94 S. E. 834). The facts in the case at bar are not so strong against the insurer as were the facts in the cases last cited. However, we are of the opinion that it was for the jury to determine whether or not the insurer was estopped by its agent's conduct and statements in regard to the application from avoiding the policy because of the alleged false representation of the insured that his average weekly earnings exceeded the single weekly indemnities payable under all insurance policies carried by him. In addition to what has just been said, we will state that a careful analysis of the voluminous evidence in regard to the insured's earnings satisfies us that the jury had the right to conclude that his average weekly earnings did exceed the single weekly indemnities payable under all insurance policies carried by him.

While the insurer introduced evidence to sustain its contention set out in paragraph 10 of its answer, that the loss of plaintiff's eye was not due to the accident, the preponderance of the evidence was to the contrary.

Our conclusion is that, under the evidence in the record, the jury

74

had the right to conclude that the insured made out his case, and that the insurer did not sustain its defenses.

*Judgment affirmed. Broyles, C. J., and Hooper, J., concur. MacIntyre, J., not presiding.*