23718. NATIONAL LIFE & ACCIDENT INSURANCE COMPANY
*v.* CANTRELL.

JENKINS, P. J. 1. The evidence for the plaintiff and the partly conflicting evidence of the agent of the defendant insurance company authorizing a finding that the defendant's agent, who solicited the policy, had actual knowledge prior to its issuance that the plaintiff, through his wife, had already "ordered" another policy of accident and health insurance, and that the plaintiff had such additional insurance, this case is controlled by the ruling of the Supreme Court in *Metropolitan Life Insurance Co.* v. *Hale,* 177 *Ga.* 632 (170 S. E. 875), following the earlier decisions in *Mechanics &c. Insurance Co.* v. *Mutual Real Estate Asso.,* 98 *Ga.* 262

(25 S. E. 457), and *Johnson* v. *Ætna Ins. Co.*, 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92), and holding in effect that the insurer will be subject to a waiver or estoppel through actual knowledge of "the agent of the company soliciting the insurance," notwithstanding a provision in the policy that agents "are not authorized to make, alter, or discharge contracts, [or] to waive forfeitures," and that such limitations upon the authority of agents to waive the conditions of the contract of insurance are to be "treated as referring to waivers made subsequently to the issuance of the policy." See also *Clubb* v. *American Accident Co.*, 97 *Ga.* 502 (25 S. E. 333) ; *Metropolitan Life Insurance Co.* v. *Hale*, 47 *Ga. App.* 674 (171 S. E. 306) ; *National Casualty Co.* v. *Borochoff*, 45 *Ga. App.* 745 (165 S. E. 905) ; *Ocean Accident & Guarantee Cor.* v. *Howell*, 46 *Ga. App.* 69 (166 S. E. 678) ; *Southern Surety Co.* v. *Fortson*, 46 *Ga. App.* 265 (167 S. E. 335). What is apparently held to the contrary in other cases, as well as what was said by the writer in the special concurrence in the case last cited, must yield to the authority of the *Hale* case, supra, and the decisions upon which it was expressly based.

2. "On exceptions to the first grant of a new trial, the only question that the appellate court will determine is whether the verdict was demanded by the evidence, and this, under the rulings, is true even though the trial judge may have specifically and in terms based his grant on some other ground of the motion." *Driskell* v. *Hardin*, 39 *Ga. App.* 208 (146 S. E. 349) ; Civil Code (1910), § 6204. "Where a bill of exceptions pendente lite is filed, assigning error upon certain interlocutory rulings made pending the trial of a case, and after verdict a new trial is granted and a writ of error is sued out and error is assigned upon such grant, the plaintiff in error can not also assign error upon the bill of exceptions pendente lite and obtain a decision in regard to the rulings complained of therein." *Chandler* v. *Smith*, 145 *Ga.* 299 (89 S. E. 199), and cases cited; *Peninsular Naval Stores Co.* v. *State*, 144 *Ga.* 108 (86 S. E. 223). For these reasons, and for the reason that it is never error to refuse to direct a verdict, no question is presented for determination by the special exception itself in the exceptions pendente lite, that the court erred in refusing to direct a verdict in favor of the plaintiff because there was no evidence of the plaintiff's total disability. However, since the first grant of a new trial upon motion of the plaintiff is excepted to as contrary to law, and this general exception necessarily involves a determination as to whether a verdict for the defendant was demanded for any reason, including the above question, it is ruled that the evidence did not demand a verdict for the defendant.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided July 19, 1934.

*Hendrix & Buchanan,* for plaintiff in error.
*Charles Pigue, Morris & Welsch,* contra.