26285. RHODES *v.* MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION.

BROYLES, C. J. 1. In a suit upon a policy of health and accident insurance, where the defense was that the policy was avoided by reason of certain false statements as to matters of fact material to the risk, made by the insured in his application for the policy, evidence tending

to show that the defendant's agent, who solicited the policy, had actual knowledge, before its issuance, of the falsity of the alleged material statements, was admissible for the purpose of showing a waiver or estoppel by or of the insurance company; and this is true notwithstanding the policy contained the provisions that "no agent has authority to change this policy or to waive any of its provisions," and "no change in the policy shall be valid, unless approved by an executive officer of the association, and such approval be endorsed thereon." Such limitations in the policy (where they are not also contained in the application) upon the authority of agents to waive the provisions of the contract of insurance are to be "treated as referring to waivers made subsequently to the issuance of the policy." *National Life & Accident Insurance Co.* v. *Cantrell*, 49 *Ga. App.* 368 (2) (175 S. E. 543), and cit.

2. Under the foregoing ruling, the court erred in excluding portions of the testimony of Walter Rhodes and of Climus David and Blenn Scott. The excluded testimony *tended* to show that Blenn Scott, the agent of the company, who had solicited the policy of insurance, had actual knowledge of the applicant's state of health before the issuance of the policy; and the evidence was admissible for whatever it was worth.

3. The court also erred in admitting, over objection, the testimony of an official of the defendant company that the company would not have written the policy had it known that the statements made by the applicant were false. "Evidence is not admissible to show that the facts alleged to have been suppressed or falsely represented in the application would have been deemed material in passing on the application, and that the company would not have issued the policy had it known the truth in regard thereto. The company's agents or officers can not be permitted to testify that the application would have been rejected if certain facts had been truthfully stated therein." *Mutual Benefit Health &c. Asso.* v. *Bell*, 49 *Ga. App.* 640, 652 (176 S. E. 124).

4. The above-stated errors rendered the further proceedings in the case nugatory, and another hearing is required.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 23, 1937.

*John B. Morris,* for plaintiff.
*J. H. & Emmett Skelton, Carey Skelton,* for defendant.