18344. HAMPTON *v.* STEVENSON, Superintendent.

HAWKINS, Justice. 1. Under section 19 of the Juvenile Court Act of 1951 (Ga. L. 1951, pp. 291, 302) and the decisions of this court dealing with previous acts containing similar provisions, no action taken against a child under the provisions of that act shall be denominated as a criminal action nor an adjudication as a conviction of a criminal offense, but proceedings thereunder are civil and not criminal. Therefore, article VI, section IV, paragraph I, of the Constitution of 1945 (Code, Ann., § 2-3901), that "The Superior Courts shall have exclusive jurisdiction . . . in criminal cases where the offender is subjected to loss of life, or confinement in the penitentiary," and article I, section I, paragraph V of the Constitution of 1945 (Code, Ann., § 2-105), that "Every person charged with an offense against the laws of this State . . . shall have a public and speedy trial by an impartial jury," have no application to a proceeding under the Juvenile Court Act, supra; and that act and the judgment of the Juvenile Court thereunder committing to the Georgia Training School for Colored Girls a female child under 17 years of age who has violated a State law by stabbing another with a butcher knife are not invalid as being violative of either of the foregoing provisions of the Constitution. *Williams* v. *Davidson,* 147 *Ga.* 491 (94 S. E. 564); *Wingate* v. *Gornto,* 147 *Ga.* 192 (93 S. E. 206); *Taylor* v. *Means,* 139 *Ga.* 578 (77 S. E. 373); *Garner* v. *Wood,* 188 *Ga.* 463 (4 S. E. 2d 137); 31 Am. Jur. 785, § 4.
2. The question of whether the Juvenile Court Act of 1951 seeks to deprive the superior courts of jurisdiction to try offenders of the ages therein referred to for crimes committed by them is not involved under the facts of this case and will not be passed upon.
3. The trial judge did not err in dismissing the habeas corpus proceeding and in remanding the person sought to be released to the custody of the respondent, the Superintendent of the Georgia Training School for Colored Girls.

*Judgment affirmed. All the Justices concur.*
ARGUED SEPTEMBER 15, 1953—DECIDED OCTOBER 13, 1953.

*Kenneth L. Leake,* for plaintiff in error.

*Eugene Cook, Attorney-General, Robert H. Hall, Lamar W. Sizemore, Assistant Attorneys-General, Delman L. Minchew,* contra.