36861. WHITMAN *v.* THE STATE.

DECIDED NOVEMBER 7, 1957—REHEARING DENIED
DECEMBER 3, 1957.

*James A. Bagwell,* for plaintiff in error.

*Paul Webb, Solicitor-General, Harold Sheats, Martin H. Peabody,* contra.

GARDNER, P. J. ■ There is a motion to dismiss the bill of exceptions on the ground that a direct writ of error will not lie under the provisions of Code (Ann.) § 24-2429 (Ga. L. 1956, pp. 69, 74) as follows: "In all cases of final judgments of a superior court judge sitting as juvenile court judge, appeals shall be taken by writ of error to the Court of Appeals or Supreme Court of Georgia in the same manner as other appeals from the superior court. In all other cases, the writ of certiorari to the superior court shall lie to all final judgments of the juvenile court as now lie to justice or other inferior courts, but no direct writ of error shall lie to either of the appellate courts." Under Code (Ann.) § 24-2402, there is a judge of the Juvenile Court of Fulton County appointed by the judges of the superior court of that county, and it is true that under the statutory provisions certiorari would be the only remedy of the complainant.

However, the legislature in 1956 proposed a constitutional amendment to Art. VI, Sec. II, Par. IX (Ga. L. 1956, p. 652) later ratified in a general election providing in part as follows: "The Supreme Court and Court of Appeals shall have jurisdiction to review by direct writ of error, and without the necessity of a motion for new trial having been made, all final judgments, orders, decrees and adjudications, rendered by any juvenile

court created or referred to . . . and any other juvenile court that may be hereafter established," etc. (P. 653). Therefore, in spite of the statutory inhibition, there is constitutional authority for a direct writ of error. Where there is a variance between an act of the General Assembly and a constitutional provision, the constitutional provision prevails. Code (Ann.) § 2-402; *Copland* v. *Wholwender*, 197 *Ga.* 782 (4) (30 S. E. 2d 462). Accordingly, the bill of exceptions is proper in this case, and the motion to dismiss it must be denied.

■ As to the jurisdictional question, Code (Ann.) § 24-2408 provides: "The juvenile court shall have original jurisdiction concerning any child under 17 years of age living or found within the county: (1) Who is alleged to have violated or attempted to violate any Federal, State or local law or municipal ordinance, regardless of where the violation occurred . . . (6) Whenever any such juvenile court shall have acquired the jurisdiction of any child under 17 years of age, such jurisdiction shall continue so long as, in the judgment of the court, it may be necessary to retain jurisdiction for the correction or education of such child, but such jurisdiction shall terminate when such child shall attain the age of 21 years." Code (Ann.) § 24-2416 provides in part: "Any child found violating any law or ordinance, or whose surroundings are such as to endanger his welfare, may be taken into custody by city, county or State police officers, or other peace officers, in the same manner as he would arrest an adult under similar circumstances. Such taking into custody shall not be termed an arrest. The jurisdiction of the court shall attach from the time of such taking into custody."

In *Hampton* v. *Stevenson*, 210 *Ga.* 87 (1) (78 S. E. 2d 32), it was held that proceedings in juvenile courts are civil and not criminal in nature. Art. VI, Sec. XIV, Par. VI of the Constitution of this State (Code, Ann., § 2-4906) provides that civil cases shall be tried in the county where the defendant resides and criminal cases shall be tried in the county where the crime was committed. The minor involved being a resident of DeKalb County, that court, and not the Fulton County Juvenile Court, has exclusive jurisdiction insofar as juvenile proceedings are concerned. However, as to Fulton County, since the minor is charged with burglary and arson, both felonies, criminal juris-

diction over him is, under Art. VI, Sec. IV, Par. I, vested in the Superior Court of Fulton County where the crimes were committed. Under the decision in *Jackson v. Balkcom*, 210 *Ga.* 412 (80 S. E. 2d 319) provisions of the Juvenile Court Act of 1951 (Ga. L. 1951, p. 291), as amended, which seek to withhold this jurisdiction from the superior courts are unconstitutional and therefore ineffective.

Under the *Jackson* case, supra, wherein the felony was prosecuted in the superior court, the conviction was upheld because of the constitutional provision investing in the superior court exclusive jurisdiction of all felonies. Under the *Hampton* case, supra, the proceeding in the juvenile court was upheld because it is civil rather than criminal in nature and the juvenile court of the residence of such minor has jurisdiction. From these decisions it appears that the juvenile court of the residence of the defendant may proceed to punish the juvenile in the civil action, and the superior court of the county where the felony is committed may also proceed to try the defendant in a criminal action, the one not being a bar to the other. We are aware, of course, that no question relating to the jurisdiction of the superior courts to try juveniles for criminal offenses is before this court at this time, but nevertheless we feel justified if not compelled to mention it since there is a great deal of confusion in some parts of the State on the part of solicitors-general and the juvenile court judges as to the authority of the juvenile court judge.

The Judge of the Juvenile Court of Fulton County erred in overruling the plea to the jurisdiction.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*