41437. INGLE, Next Friend v. RUBENSTEIN et al.

Argued July 6, 1965—Decided September 21, 1965—
Rehearing denied November 16 and November 30, 1965.

*Miller & Kirbo, Bruce W. Kirbo,* for plaintiff in error.

*Jay M. Sawilowsky, Max Rubenstein,* contra.

FRANKUM, Judge. ■ The second ground of the motion to dismiss is obviously without merit under the provisions of *Code Ann.* § 6-1301. It does not affirmatively appear that the delay was caused by any act or omission of counsel for plaintiff in error, and, therefore, this ground is without merit. *Smith v. Barnett,* 107 Ga. App. 849 (1) (132 SE2d 139).

The first ground presents a somewhat more complex question which, upon study, discloses an apparent conflict or hiatus in the law. The case was tried in the Juvenile Court of Richmond County, and the order and judgment appealed from was rendered by one of the Judges of Richmond Superior Court sitting as judge of that court. That court was established pursuant to the Juvenile Court Act (Ga. L. 1951, p. 291, et seq.; *Code Ann. Ch.* 24-24), as amended. Under the provisions of an amendatory Act applicable to counties having a population in excess of 130,000, but not more than 140,000 (Ga. L. 1961, p. 402), which is applicable to Richmond County, one of the Judges of the Richmond Superior Court sits as Juvenile Court Judge in the Juvenile Court of Richmond County. By Section 6 of an Act approved February 13, 1956 (Ga. L. 1956, pp. 69, 74), amending Section 30 of the Juvenile Court Act (*Code Ann.* § 24-2429) pursuant to the authority contained in a constitutional amendment ratified November 6, 1956 (*Code Ann.* § 2-3709), where the judge of the superior court sits as a juvenile court judge, direct. appeals may be taken to the Court of Appeals or the Supreme Court "in the same manner as other appeals from the superior court." The contention of the defendants in error in their motion to dismiss under ground 1 thereof is that the bill of exceptions should have been filed with the Clerk of the Juvenile Court of Richmond County, and the record transmitted by that clerk, rather than filed with the clerk of the superior court and the record transmitted by him. In this regard counsel relies upon the provisions of *Code Ann.* § 6-1001, that "within 15 days from the date of the certificate of the judge, the bill of exceptions shall be filed in the office of the clerk of the court *where the case was tried.*" (Emphasis ours.) Mov-

ants contend, of course, that since the case here was tried in the Juvenile Court of Richmond County and the bill of exceptions was filed in the office of the Clerk of the Superior Court of Richmond County and the record transmitted by that clerk, that the bill of exceptions has never been properly filed as provided by the provisions of the aforesaid Code section.

In our opinion the provisions of Section 30 of the Juvenile Court Act as amended by the 1956 Act are in irreconcilable conflict with the provisions of *Code Ann.* § 6-1001, insofar as they indicate the proper clerk of court with whom the bill of exceptions should be filed in a case appealed from a decision of the judge of the superior court sitting as a juvenile court judge. However, we think that this conflict should be resolved in harmony with the spirit of the law and purpose of the legislature as evidenced by the 1965 Appellate Practice Act, which is to avoid dismissals in the appellate courts on purely technical grounds wherever possible. Such was the spirit of the former law also. See *Code* § 6-1307, repealed by the 1965 Appellate Practice Act. So construing the law applicable to this case, we have concluded that it was the intent of the legislature that, in cases involving appeals from decisions of a superior court judge sitting as a juvenile court judge, such appeals shall be regarded as being taken from the superior court and not from the juvenile court. This conclusion is authorized by the language of Section 30 of the Act as amended (*Code Ann.* § 24-2429), which provides that such appeals to the Court of Appeals and Supreme Court shall be taken "in the same manner as· *other appeals* from the superior court." (Emphasis ours.) The use of the word "other" in this context indicates that the General Assembly intended that the procedure to be pursued on appeals in cases such as this case be the same as if the case had been tried in the superior court. In other appeals from the superior court under the provisions of *Code* § 6-1001, the bill of exceptions must be filed with the clerk of the superior court, and this is what was done by counsel for the plaintiff in error in this case.

Our conclusion in this regard is further strengthened by the fact that no express authority to appoint a clerk of court is granted to the juvenile court judge anywhere in the Juvenile

Court Act. It is true that Section 6 of that Act does authorize the judge to appoint probation officers, *clerical force,* employees of the detention home, or other personnel necessary for the execution of the purposes of the Act, and further provides that, in counties having a population of less than 50,000, where the judge of the superior court sits as juvenile court judge, the clerk of the superior court shall also be the clerk of the juvenile court, thus, perhaps implying that in other cases there may be a clerk of the juvenile court. Nevertheless, it does not affirmatively appear from any evidence properly before us that there is in fact a clerk of the Juvenile Court of Richmond County empowered to certify records of proceedings of that court and to transmit writs of error, and, therefore, we cannot say that the bill of exceptions in this case was not properly filed with the clerk of the superior court in conformity with the order of the judge embodied in the certificate to the bill of exceptions that the clerk of the superior court transmit the record to this court. The motion to dismiss the writ of error is, therefore, denied.

■ The Juvenile Court of Richmond County did not have jurisdiction over the minor involved in this case. Under the undisputed evidence the father had voluntarily relinquished his parental control and right of custody to the mother who was a resident of and domiciled in Decatur County, Ga. In addition to this fact an order of the Court of Ordinary of Decatur County was introduced in evidence which showed that custody of the child had been awarded to the mother in a habeas corpus proceeding between the father and the mother. The effect of this order was to place the mother, Ida L. Ingle, in the status of natural guardian of the person of Gerald E. Ingle, Jr. *Code* § 49-102 as amended. It thus appears without dispute that the domicile and residence of Gerald E. Ingle, Jr., the minor child involved in this case, was in Decatur County and not in Richmond County. *Code* § 79-404; *Dickerson v. Bowen,* 128 Ga. 122, 124 (57 SE 326) ; 9 E.G.L. 221, Domicile & Residence, § 15.

The Juvenile Court Act confers jurisdiction on the juvenile courts of each respective county over any child under 17 years of age living or found within the county. *Code Ann.* § 24-2408. If this language was any longer subject to construction, the fact

that Gerald E. Ingle, Jr. was shown by the evidence to have been found within Richmond County might cause us to hesitate to hold that the Juvenile Court of Richmond County did not have jurisdiction over him. However, both this court and the Supreme Court have expressly held that the jurisdiction of a juvenile court, being civil in nature, extends only to those minors who are residents of the county. *Hampton v. Stevenson,* 210 Ga. 87 (1) (78 SE2d 32); *Whitman v. State,* 96 Ga. App. 730 (1) (101 SE2d 621). It follows that the Juvenile Court of Richmond County did not have jurisdiction in this case, and that the judge erred in overruling the pleas to the jurisdiction filed by Ida L. Ingle in her own behalf and in behalf of the minor involved in this case, and that this lack of jurisdiction rendered nugatory all proceedings had therein.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

## ON MOTION FOR REHEARING.

In a well reasoned motion for a rehearing counsel for the defendants in error vigorously contend that this court has committed grievous error in refusing to dismiss the writ of error. The persuasiveness and logic of the motion was such that we were impelled to reconsider our decision in the matter and have, therefore, given painstaking and careful attention to the argument of movant, but, at last, have concluded that we were right in refusing to dismiss the writ of error. In reaching this conclusion a further reason appears. Under a requirement of *Code Ann.* § 6-806, extant at the time this case was brought to this court on writ of error, it was the duty of the judge to whom the bill of exceptions was presented to see that his certificate was in legal form before signing the same. While we do not find any decision under this provision or under old *Code Ann.* § 6-808, which contained the same directive, clearly defining what is meant by the phrase "legal form," it has been held that a dismissal of the writ of error on account of the form of the certificate will not be had for any cause other than for a failure of the judge to certify the bill of exceptions as true. *Bailey &c. Buggy Co. v. Guthrie,* 1 Ga. App. 350 (1) (58 SE 103).

In this case the judge's certificate directed the clerk of the *superior court* to make out a transcript of the record and certify

the same and cause it to be transmitted to this court. Whether or not this directive contained in the certificate is a matter of form is unnecessary for us to decide, but it will be presumed that the judge of the trial court knowingly and consciously affixed his signature to the certificate containing this directive. Under these circumstances, it would seem that counsel for the plaintiff in error properly filed the certified bill of exceptions with the clerk of the court to whom the directive was issued, and for this court to now dismiss the writ of error because this was done would be very much akin to, if not in fact, dismissing it because of something done or directed to be done by the trial judge. Dismissals for such technical reasons were not favored under the procedure applicable to this case. *Code* § 6-1307. For this additional reason, as well as for the reasons outlined in the original opinion, we adhere to our original determination not to dismiss the writ of error, and we shall, accordingly, let the decision on the merits stand.

*Rehearing denied.*