43350. McLEMORE v. LIFE INSURANCE COMPANY OF GEORGIA.

ARGUED JANUARY 12, 1968—DECIDED JANUARY 30, 1968.

156

*Joseph H. Briley, George L. Jackson,* for appellant.

*Martin, Snow, Grant & Napier, George C. Grant,* for appellee.

QUILLIAN, Judge. The petition alleged that on November 19, 1963, the plaintiff's deceased husband paid the defendant $14.25 as a monthly premium on a life insurance policy in the amount of $25,000; that at that time the deceased was given a receipt which provided that after investigation and medical examination the policy and insurance would become effective; that three days before his death the insured stated to defendant's agent that he was going on a trip and that "he had best get a physical examination"; that the defendant's agent assured him that he was insured until January 18, 1964, and that he could wait until his return to obtain a physical examination; that the insurance policy applied for contained a 31-day grace period after a premium became due; that the insured died December 29, 1963, without obtaining a physical examination. Attached as exhibits to the petition are an "advance premium receipt" and parts 1 and 2 of an "application for insurance to Life Insurance Company of Georgia." The "advance premium receipt" provides: "1. That if the company, after investigation and such medical examination, if any, as it may require, shall be satisfied that at the time of completion of said application, Parts I and II, the applicant was insurable and entitled under the company's rules and standards to insurance on the plan and for the amount and at the rate applied for, and shall approve said application, the insurance applied for, but not in excess of $50,000 (including all pending applications to the company) shall, by reason of this payment, take effect as of the date of completion of Part 2 of said application."

The "application for insurance" provides: "(1) that except as is otherwise provided by the receipt, if any, issued upon the detachable form below, the insurance hereby applied for shall not go into force unless and until the policy is delivered to the appli-

cant and the first premium is paid during the continued good health of the applicant . . . (3) that no person other than the president, vice-president or secretary of the company can act for it to make, modify or discharge a contract, or waive any of the company's rights or requirements."

Part 1 of the application was completed. The petition further alleged that part 2 of the application shows that it has been altered; that part 2 was completed in full but has since been altered; that on information and belief the application of the insured was approved for the insurance sought.

■ On appeal the plaintiff contends that, regardless of any requirement for the insurer to approve the application, the action by its agent in assuring the plaintiff's deceased husband that he had coverage estopped the insurance company from relying on such requirement.

There is no merit in this contention. The application provides: "that no person other than the president, vice-president or secretary of the company can act for it to make, modify or discharge a contract, or waive any of the company's rights or requirements." In *Saddler v. Cotton States Life &c. Co.*, 101 Ga. App. 866, 870 (115 SE2d 398), in construing a similar provision in an application for insurance, this court held: "In *New York Life Ins. Co. v. Patten*, 151 Ga. 185, 187 (106 SE 183) the Supreme Court held that express limitations on the power of the soliciting agent who received the application for insurance were valid and further stated: 'Manifestly, a life-insurance company may define and limit the power of a mere soliciting agent; and one dealing with such agent can not set up a waiver which he knew the agent had no power to make.'" See *Maddox v. Life & Cas. Ins. Co.*, 79 Ga. App. 164, 176 (5) (53 SE2d 235) and *National Acc. &c. Ins. Co. v. Davis*, 179 Ga. 595 (1) (176 SE 387). Thus, in this case where the power of the agent was limited, the plaintiff cannot set up a waiver or estoppel on the part of the company.

Moreover, the statements attributed to the agent amounted to no more than representations as to the legal effect of the contract. *Fields v. Fire & Cas. Ins. Co. of Conn.*, 101 Ga. App. 561, 562 (114 SE2d 540); *Thomas v. Byrd*, 107 Ga. App. 234, 236 (129 SE2d 566). See *Maddox v. Life & Cas. Ins. Co.*, 79 Ga. App.

164, 176 (5), supra. This would not constitute fraudulent misrepresentation so as to estop the insurance company. *Cotton States Mut. Ins. Co. v. Booth,* 116 Ga. App. 410, 413 (157 SE2d 877).

■ We now determine the legal effect of the provision contained in the receipt. In *W. O. W. Life Ins. Society v. Etheridge,* 223 Ga. 231 (154 SE2d 369), the Supreme Court considered a receipt and application containing an agreement by the applicant for insurance that there would be no liability until approval of his application was made by the medical director of the insurance society. The court held that compliance with this provision was a condition precedent to recovery. Despite some variations in the language contained in the agreement in that case and that used in the receipt in the case sub judice, the *Etheridge* case is controlling here.

However, this does not mean we arrive at the same result as was there reached. In the *Etheridge* case the petition failed to allege "whether the applicant had ever been accepted by the society or whether the medical director had approved the application," whereas in this case the petition alleges as required by the provision of the receipt that part 2 of the application had been completed, but had since been altered, and that on information and belief the application was approved. We treat this as a positive averment that the policy was approved by the insurance company. While an allegation that one is informed and believes a fact exists is a mere statement as to one's information and belief and is not equivalent to a positive allegation of the fact itself (*Dutton v. Freeman,* 213 Ga. 445, 449 (99 SE2d 204)), an allegation of fact on information and belief is sufficient. *Bailey v. B. F. Coggins Granite &c. Industries,* 192 Ga. 72, 74 (14 SE2d 568); *Tate v. Potter,* 216 Ga. 750 (119 SE2d 547).

Here the receipt incorporates no mandatory requirement that there be a medical examination of the prospective insured; instead the policy merely provided that the insurance company in its discretion might require an examination or take such action as needed to satisfy itself that the applicant was insurable. The allegations of the petition do not show that the plaintiff failed to have a medical examination that the insurance company re-

quired of him, or that the company could not approve the policy without a medical examination and based solely on the information furnished them by the applicant. Thus, although on demurrer we construe the allegations most strongly against the pleader (*Martin v. Henson,* 95 Ga. App. 715 (99 SE2d 251)), there is nothing contained in the petition to negate the allegation that the policy had been approved. *National Life &c. Ins. Co. v. Moore,* 83 Ga. App. 289, 293-294 (63 SE2d 447). See *Guest v. Kennesaw Life &c. Ins. Co.,* 97 Ga. App. 840 (104 SE2d 633), and *Hall v. Wingate,* 159 Ga. 630, 654 (126 SE 796).

Hence, the petition was not subject to the general demurrers and the trial judge erred in sustaining them.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*