45857.   GILES v. STATE OF GEORGIA.

Argued January 7, 1971—Decided April 6, 1971—
Rehearing denied April 28, 1971—Cert. applied for.

*William H. Traylor, Lucy S. Forrester, Richard A. Rominger,* for appellant.

*Harold Sheats, Martin H. Peabody, William C. Humphreys, Jr., R. P. Herndon, David C. Stripling,* for appellee.

QUILLIAN, Judge. ■ The appellant contends that the trial judge erred in holding that it did not have jurisdiction because the legal residence of the children was in another county. *Code Ann.* § 24-2408 (Ga. L. 1951, pp. 291, 297; 1953, Nov. Sess., pp. 87, 89; 1955, p. 610; 1956, p. 603; 1968, pp. 1013, 1019) provides that the juvenile court shall have original jurisdiction concerning any child under seventeen years of age "living or found within the county." Counsel for the appellant argues that this means that it is not necessary for the child's residence to be wilhin the county for the juvenile court to have jurisdiction. "However, both this court and the Supreme Court have expressly held that the jurisdiction of a juvenile court, being civil in nature, extends only to those minors who are residents of the county." *Ingle v. Rubenstein,* 112 Ga. App. 767, 772 (146 SE2d 367).

■ The appellant argues that the trial judge should have held that Harry Gray had relinquished his parental authority by allowing them to live in Fulton County with his wife from whom he was separated. *Code* § 79-404. While the appellant contends that

the trial judge did not rule on this point, the effect of his order was to hold that Gray had not relinquished his authority. The trial judge's ruling was not in conflict with the evidence.

■ Counsel for the appellant argues that the trial judge erred in holding that Gray was the legal father of all the children. There was sufficient evidence to support a finding that Gray was the legal father of the children. Gray testified that he was married to the mother of the children when each of them was born. While the evidence showed that they were not living together part of this time, there was no proof that there was not access during all of that period. *Smith v. Smith,* 224 Ga. 442, 444 (162 SE2d 379); *English v. English,* 119 Ga. App. 570, 571 (168 SE2d 187).

■ That portion of the trial judge's order which remanded the children to Gray was error. After the court decided it did not have jurisdiction of the case any further order of the court was a mere nullity.

*Judgment affirmed in part; reversed in part. Jordan, P. J., and Evans, J., concur specially.*

Evans, Judge, concurring specially. I concur specially in the majority opinion which holds that "the jurisdiction of the juvenile court extends only to those minors who are *residents* of the county in which the court is located." I do so because I feel bound under the rule of stare decisis by previous rulings of this court, including one in which the writer joined Judge Whitman's dissent (see *Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582 (174 SE2d 591)). However, were I not bound by earlier decisions of this court, I would hold that the jurisdiction of the juvenile court extends not only to children *living* within the county but also to those who are *found* within the county, provided their "environment or associations are such as to injure or endanger . . . morals and general welfare. . ." See § 9, Juvenile Court Act, as amended, Ga. L. 1951, pp. 291, 297; 1953, Nov. Sess., pp. 87, 89; 1955, p. 610; 1956, p. 603; 1968, pp. 1013, 1019 *(Code Ann.* § 24-2408).

In the case sub judice the investigating agent reported to the Juvenile Court of Fulton County that Floyd G. Goode does not feel that Mrs. Lucas "should have legal custody because she and her husband sell liquor and have gambling parties and he does not feel that this is a good environment for rearing children."

This would seem to bring these children squarely within the jurisdiction of the Juvenile Court of Fulton County.

I am authorized to state that Presiding Judge Jordan also concurs in this special concurrence.