148 Ga. App. 628 (1979)
252 S.E.2d 58
C. R. T.
v.
STATE OF GEORGIA.
56938.
Court of Appeals of Georgia.
Submitted November 7, 1978.
Decided January 5, 1979.
Beauchamp & Hedrick, William H. Hedrick, for appellant.
William S. Lee, District Attorney, Richard Hodge, Assistant District Attorney, for appellee.
QUILLIAN, Presiding Judge.
C. R. T., the appellant, is a child  eleven years of age. He appeals from a finding of the Juvenile Court of Dougherty County that he was "in a state of delinquency." The state introduced his confession that he took a 1978 Toyota and a 1975 Yamaha motorcycle. Counsel for C. R. T. appeals the denial of his motion to suppress the confession. Held:
Appellant contends the court erred in admitting the oral confession of C. R. T. because the state failed to carry its burden of establishing that appellant made an intelligent, voluntary and knowing waiver because he was only a child eleven years old. The second basis for objection was that his mother could not waive his rights "as she was an adversary party to him."
A juvenile officer received a call from appellant's mother to contact her with reference to her son. The officer went with C. R. T.'s mother and they recovered the stolen motorcycle. The following day the officer picked up C. R. T. and his mother and brought them to the "station." The officer testified that she was aware of the age of C. R. T. and took that into consideration when she advised him of his Miranda rights. She stated that she "read him the rights waiver, and then [she] explained it very carefully, and [she] asked him several times if he understood, he advised [her] that he did. [She] asked his mother if she understood, and she advised that she did." Thereafter, C. R. T. signed the waiver, his mother witnessed his signature, and C. R. T. confessed that he had taken the motorcycle and the car.
Appellant argues that the mother cannot waive her child's rights under these circumstances. First, there is no indication in the record that she waived C. R. T.'s rights. He signed the waiver. She signed as a "witness." Furthermore, although this court held in K. E. S. v. State of Ga., 134 Ga. App. 843 (216 SE2d 670), that a mother who was "the complainant" could not waive her child's rights, the Supreme Court in Riley v. State, 237 Ga. 124, 128 (226 SE2d 922), set forth the nine criteria for determining whether there was a knowing, voluntary and intelligent *629 waiver by a juvenile. They did not include any reference to whether a parent can waive such rights. They did inquire "whether the accused is held incommunicado or allowed to consult with relatives, friends or an attorney." We find no merit in this portion of appellant's challenge to the ruling of the juvenile court.
Appellant contends because of C. R. T.'s age of eleven he did not have the capacity to waive his rights. Riley v. State, 237 Ga. 124, 128, supra, held that "age alone is not determinative of whether a person can waive his rights."
Appellant also complains that the interrogator "did not even determine if he could read or not." The juvenile officer testified that she was aware of C. R. T.'s age and: "I try to explain exactly what's written here in a child's language so that a child will understand it ..." We find no merit to this argument, for even if C. R. T. had been "borderline mentally retarded" or had a low IQ, this alone is insufficient basis for rejection of a confession. Crawford v. State, 240 Ga. 321, 322 (240 SE2d 824). Accord, Corn v. State, 240 Ga. 130, 136 (240 SE2d 694); Farley v. State, 145 Ga. App. 98, 99 (243 SE2d 322).
The evidence of record, tested under the criteria of Riley v. State, supra, supports the finding of admissibility of the confession by the juvenile court.
Judgment affirmed. Webb and McMurray, JJ., concur.