65750. RECOBA et al. v. THE STATE.

SOGNIER, Judge.

Over $16,000 in U.S. currency was seized from one Luis Recoba in connection with his arrest on charges of violation of the Georgia Controlled Substances Act. Thereafter, a hearing under Ga. Code Ann. § 27-310.1 (a) (OCGA § 17-5-50, after the November 1, 1982 amendment) was held to determine the disposition of the funds and various claimants, including appellant Pashley and Mers, P.C., contended for the funds. An award adverse to appellant was entered and it appeals.

In the criminal case in which Recoba was charged, a motion to suppress the money seized as evidence was granted. Thereafter, Recoba's attorney, Victoria Little, orally moved the court for return of the funds to the defendant. While Code Ann. § 27-313 (OCGA §

17-5-30) provides for such a request to be in writing and to be a part of the motion to suppress, the district attorney made no objection to the form of the motion. Being aware that there were other claimants to the fund (the Georgia Revenue Commission's claim for taxes and appellant's claim for attorney fees under an alleged assignment made earlier when appellant was representing Recoba in the criminal case), the trial court chose to treat the motion for the return of funds as one under Code Ann. § 27-310.1 (a). This section allows the adjudication of claims by the state and civil claimants as against the defendant. The section reads as follows: "Upon application by the State or civil claimants, the court may, upon written notice to a defendant and a hearing when so requested by the defendant, order returned to the rightful owners any stolen, embezzled or other unlawfully obtained property, not constituting contraband."

Accordingly, the trial court on October 1st gave telephonic or personal notice to all of the interested parties, including appellant. (The court's order specifically notes that Bruce Pashley was notified by telephone.) The parties were informed that the hearing would be on Thursday, October 7th at 1:00 p.m. On that date, *all* parties being present, the judge rescheduled the matter to October 14th at 1:00 p.m. When neither Pashley nor Mers appeared on October 14th, the court called and advised Mers that the matter was still scheduled and delayed the hearing until Mers appeared. The proceedings were not transcribed and the court's order, which contains a full recital of the facts, is the basis upon which the proceedings must be reviewed.

At the hearing Mers attempted to introduce the assignment of the funds for his attorney fees, but Recoba, who testified that he could not read nor write English, stated he did not remember signing the purported assignment. Because Mers did not take the stand to testify about the transaction and did not produce any other testimony, the assignment was not identified or authenticated sufficiently to allow its admission into evidence over the objections made by other parties. Mers then asked the court to take judicial notice of a declaratory judgment action pending in the same court, the purpose being to show that he had earlier filed a suit seeking an adjudication of the various claims to the funds. After hearing the evidence the trial court set aside part of the funds for the Revenue Commission and ordered the remainder of the funds to be paid over to Little as attorney for Recoba.

Appellant contends that he did not receive notice of the hearing in violation of his due process rights. The record does not substantiate this. The trial court order states that appellant had at least one week's, and probably two weeks' notice of the hearing to be held on the return of the funds. The express notice appellant received

was sufficient as a matter of due process and incurred an obligation in appellant to inquire further into the matter. *Hamilton v. Edwards,* 245 Ga. 810, 811-812 (267 SE2d 246) (1980). No objections to the sufficiency of the notice were raised during the hearing and no motions to dismiss or continue were entered in the record. "A party cannot ignore during a trial that which he thinks to be error or an injustice and take his chances on a favorable verdict and then complain later. [Cits.]" *Simmons v. Edge,* 155 Ga. App. 6, 8 (270 SE2d 457) (1980). We find no reversible error here.

Appellant also contends that under Code Ann. § 27-310.1 (a) the court did not have jurisdiction to adjudicate the claims of the parties. Although Code Ann. § 27-310.1 (a) would normally appear to be a procedure for the consideration of conflicting claims between a defendant in a criminal case and the person from whom the property might have been stolen or illegally obtained, we do not find that the language restricts it solely to such use but provides a method by which the state and the civil claimants might resolve the claim between them and the defendant. We see no reason when a defendant makes a request for the return of his property that other claimants might not then be heard through the use of this procedure. Further, the appellant shows no objection in the record to the use of the procedure of Code Ann. § 27-310.1 (a) to handle this claim case. *Simmons,* supra.

Appellant also argues it was error for the trial court to exclude the declaratory judgment proceeding from its consideration. Appellant did not tender the pleadings into the record but asked only that the trial court take judicial notice of the proceeding. A court cannot ordinarily take judicial notice of the record in another case in the same court, without its formal introduction into evidence. *Carey v. Phillips,* 137 Ga. App. 619, 622 (224 SE2d 870) (1976). Although appellant could have tendered the original pleadings in the declaratory judgment action, *Reed v. Reed,* 202 Ga. 508, 514 (4) (43 SE2d 539) (1947), the record indicates that no such action was taken by appellant.

Appellant's claim of an attorney's lien upon the funds is without merit. Appellant was not in possession of the money at the time of the hearing so that the provisions of OCGA § 15-19-14 (a) (Code Ann. § 9-613) are inapplicable. In order for OCGA § 15-19-14 (b) (Code Ann. § 9-613) to apply, it must be shown that the lien "attaches to the fruits of the labor and skill of the attorney, whether realized by judgment or decree, or by virtue of an award, or in any other way, so long as they are the result of his exertions." *John J. Woodside Co. v. Irwin,* 79 Ga. App. 252, 254-255 (53 SE2d 246) (1949). Nothing in the record indicates that there was any legal work performed by Pashley and

Mers, P.C. on behalf of Recoba for which the lien could attach.

Appellant's final argument that an agreement existed between appellant and the State concerning a settlement of Recoba's tax liabilities was not made a part of the record before the trial court and thus will not be considered by this court on review. *Southern Discount Co. v. Heide,* 144 Ga. App. 481, 482 (241 SE2d 599) (1978).

We find that the trial court substantially complied with the provisions of Code Ann. § 27-310.1 (a) and that no reversible errors were committed. The court had the power to adjudicate the claims for the money since all interested parties were before the court, no objections to the proceedings were recorded, and the fund itself was in the court.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JULY 13, 1983 —

*Bruce E. Pashley, Scott J. Mers,* for appellants.

*Robert E. Wilson, District Attorney, Victoria D. Little, Gail C. Flake, Assistant District Attorneys, Michael J. Bowers, Attorney General, Robert S. Stubbs, Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Verley J. Spivey, Warren R. Calvert, Assistant Attorneys General,* for appellee.