A90A1977. THE STATE v. BARBER.
(398 SE2d 419)

BANKE, Presiding Judge.

The state appeals an order suppressing the confession of a defendant charged with child molestation.

The evidence introduced at the *Jackson v. Denno* hearing revealed that the appellant, a 21-year-old male of very limited intelligence, complied with a request to come to the police station for investigatory questioning, executed a waiver of his *Miranda* rights upon his arrival, and then attempted to execute a handwritten confession. He was, however, unable to write, and the officers therefore activated a tape recorder and obtained an oral confession instead. This interro-

gation was subsequently terminated by the officers when the appellant asked, "I can't get no lawyer?"

The appellant testified at the hearing that he did not understand the *Miranda* warnings and was not aware that he could have a lawyer present. Asked whether the officers had promised him that the state "would go easy on you," he replied: "Yeah. They told me if I tell the truth and all that I might get off light and everything." The state offered no evidence to clarify or refute this testimony. At the conclusion of the hearing, the trial court determined that the confession had been made "under expectation of a promise or reward" and consequently was not admissible. The trial court also expressed concern that, prior to activating the tape, the officers had improperly suggested to the appellant the events to which they wanted him to confess. *Held*:

"Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal." *Gates v. State*, 244 Ga. 587, 590-91 (261 SE2d 349) (1979). "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50. " '[A] hope of lighter punishment . . . is usually the "hope of benefit" to which [OCGA § 24-3-50] refers. . . .' [Cit.]" *Tyler v. State*, 247 Ga. 119, 122 (274 SE2d 549) (1981). Applying these standards, we find no basis for reversal of the trial court's decision to exclude the confession at issue in the present case.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED OCTOBER 22, 1990.

*Robert E. Keller, District Attorney, Daniel J. Cahill, Jr., Assistant Attorney*, for appellant.

*Lillian L. Neal*, for appellee.