A90A1351. IN THE INTEREST OF L. E. S., a child.
(398 SE2d 809)

POPE, Judge.

L. E. S., age 13, was adjudicated delinquent for the offense of aggravated sodomy. On appeal he argues that the juvenile court erred in allowing into evidence a confession he made to police.

The record shows that the victim's mother allowed L. E. S. to babysit her three small children while she went with L. E. S.'s mother and others to hear a band at a nearby night club. During the evening, L. E. S. called the fire department emergency service and reported that the victim had been hurt in a fall. When the authorities responded, they found L. E. S. alone with the children. The victim was on the couch. L. E. S. told the fireman that the victim was bleeding from the buttocks. The fireman asked the 3-year-old victim if L. E. S. had tried to hurt him and the victim indicated yes. The mother was called and the victim was taken to the hospital, as was L. E. S. and his mother. At the hospital, the examining physician determined that the injury most likely occurred as a result of penetration by a penis. Detective Israel of the Crimes Against Children Unit met with the mother of L. E. S and asked her permission to talk with L. E. S. She agreed. Detective Israel then read the *Miranda* rights to L. E. S. and his mother. Because L. E. S. was a juvenile, Detective Israel stopped after reading each right and asked both L. E. S. and his mother if each understood the right he had just read. After each replied yes, he had each put his and her initials beside that right on the waiver form. Upon completing the giving of the *Miranda* rights and explaining the waiver, L. E. S. and his mother signed the form. Detective Israel began questioning L. E. S. After the detective told L. E. S. that he did not believe the story about the fall, he asked L. E. S. if he would like

to talk without his mother present and L. E. S. said that he would. The mother stepped outside and L. E. S. confessed to putting his penis in the child's rectum. Later, at the police station, L. E. S. repeated the confession and it was recorded on tape. *Held*:

In *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922) (1976), the Supreme Court established a "totality of the circumstances" test to determine whether a waiver of rights by a juvenile is valid. We will analyze the waiver upheld in this case by the juvenile court in light of the nine factors listed by the court in *Riley*, supra: (1) Age of the accused; (2) education of the accused; (3) knowledge of the accused regarding both the substance of the charge against him and his right to consult an attorney and to remain silent; (4) whether the accused is held incommunicado or allowed to consult with relatives, friends or an attorney; (5) whether the accused was questioned before or after formal charges had been filed; (6) methods used in questioning; (7) the length of interrogation; (8) whether vel non the accused refused to give statements on prior occasions; and (9) whether the accused repudiated an extra-judicial statement at a later date.

The record shows that L. E. S. was 13 and in the sixth grade. He had a reading comprehension level of approximately mid-seventh grade. The detective told both L. E. S. and his mother the nature of the crime and explained in particular detail each of the *Miranda* warnings. L. E. S. was not held incommunicado and when he was questioned without his mother present, she could observe the questioning through a window and he could see her. Questioning did take place before formal charges were made. Questioning was done in a low-key manner and the statement was obtained within a matter of minutes after the session began. L. E. S. and his mother cooperated at all times and L. E. S. never indicated that he did not wish to talk. At the hearing, L. E. S. did repudiate his confession. However, in his testimony he gave several conflicting stories about what happened and admitted that he was lying about some of it and that he could have done the act but that he did not believe that he had done it.

After carefully reviewing the record, we hold that the juvenile court did not err in finding that the waiver was given freely and voluntarily. See also *C. R. T. v. State*, 148 Ga. App. 628 (252 SE2d 58) (1979). Further, we note that there was substantial evidence, other than the statement, linking L. E. S. to the delinquent act.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 6, 1990.

*Jeffrey A. Bashuk*, for appellant.
*Robert E. Keller, District Attorney, Deborah N. Maron, Margot*

*S. Roberts, Assistant District Attorneys*, for appellee.