A91A1780. BUSSEY v. THE STATE.
(414 SE2d 710)

POPE, Judge.

Appellant/defendant Donnie Clyde Bussey appeals from his conviction for armed robbery. Construing the evidence in the light most favorable to support the verdict, the evidence shows that around midnight on October 27, 1988 a blonde male, who had a shirt tied around his head and weighed approximately 150 pounds, entered the Blue Beacon Truck Wash and robbed employee Michael Stewart at gunpoint. Based on information received from an informant, Detective Jeffrey Cato of the DeKalb County Police Department obtained a warrant for the defendant's arrest. After he was arrested defendant made a full confession to Detective Cato. Defendant was later tried and convicted of armed robbery.

1. Relying upon OCGA § 24-3-50, defendant enumerates as error the admission of his confession into evidence. Defendant contends that Detective Cato's statement to defendant that "it would be better for him to cooperate," induced the defendant to make a statement in hope of lighter punishment, rendering the confession inadmissible. Defendant testified that Detective Cato promised him that if he cooperated, he would probably only be incarcerated for three months.

After conducting a *Jackson v. Denno* hearing, the trial court determined that defendant's statement that he was promised he would only be incarcerated for three months to be incredible given the crime involved. The trial court also rejected the defendant's contentions that the reason he gave a confession to Detective Cato was because he was under the influence of drugs at the time and he wanted to protect his friends. The court found that the statement inculpated rather than protected two of his friends and that the only evidence that defendant was under the influence of drugs at the time was his own self-serving statement. " 'Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal.' *Gates v. State*, 244 Ga. 587, 590-91 (261 SE2d 349) (1979)." *State v. Barber*, 197 Ga. App. 353, 354 (398 SE2d 419) (1990). The record supports the trial court's findings.

Detective Cato admitted that he told defendant it would be better for him if he cooperated and stated that he might have told defendant that he would bring his cooperation to the attention of the court, but denies that he promised defendant a lighter sentence in exchange for his cooperation. OCGA § 24-3-50 provides that in order "[t]o make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury. This court has repeatedly held that encouraging cooperation by a defendant and promising to bring his cooperation to the attention of the prosecutor or the trial judge does not constitute the "hope of benefit" contemplated by OCGA § 24-3-50. *Butler v. State*, 194 Ga. App. 208 (1) (390 SE2d 278) (1990); *Moore v. State*, 179 Ga. App. 488 (2) (347 SE2d 318) (1986). We find this enumeration of error to be without merit.

2. While the jury was deliberating they sent out the following question: "Your Honor, if a person believes the confession of the defendant to be legal . . . and acceptable evidence, is this one fact enough to convict the defendant?" The note to the court also contained the statement that "[o]ne of our group does not believe one piece of evidence is enough to weigh a decision." The court responded to the jury in this manner: "I'm going to read the question, then I'm going to tell you, as I understand the question, what . . . my response to it [is]. The question is: 'If a person believes the confession of the defendant to be legal and acceptable evidence, is this one fact enough to convict the defendant?' The answer is no. It's not. However, I should tell you that there's . . . evidence in this case beyond the evidence of the confession. There is the evidence of the victim in this case, the alleged victim in this case who testified. There is the testimony of the officer, that testified about the circumstances surrounding . . . the making of the statement. This . . . was offered by the

State in the form of corroboration." (Punctuation and indentions omitted.) The court then defined "evidence," "corroborative evidence" and reminded the jurors that "[y]ou as jurors are the judge of whether or not evidence sufficiently corroborates the defendant's statement, so as to justify conviction. If you find that there was a statement made by the defendant, and corroborated by other evidence, the degree of proof necessary to convict is that you be satisfied of the guilt of the accused beyond a reasonable doubt."

Defendant contends that this charge violates OCGA § 17-8-57. " '[Section] 17-8-57 is only violated when the court's charge assumes certain things as facts and intimates to the jury what the judge believes the evidence to be. (Cits.)' [Cits.]" *Turner v. State*, 259 Ga. 873 (388 SE2d 857) (1990). In this case, the trial judge simply explained to the jury that the testimony of the alleged victim and the detective should be considered as evidence. He did not intimate to them what he believed their testimony had shown, nor did he state that it corroborated the confession, only that it was offered by the State in the form of corroboration. This charge does not violate OCGA § 17-8-57.

3. After the jury's verdict was published, defense counsel requested that all jurors be polled. The judge then asked each juror the following questions: (1) You heard the verdict that I read in open court? (2) Was that your verdict in the jury room? and (3) Is that your verdict now? Each juror responded affirmatively to each question individually. It is well-established that these questions meet the minimum requirements of the defendant's right to a poll of the jurors. *Burnett v. State*, 240 Ga. 681 (11) (242 SE2d 79) (1978); *Whisman v. State*, 221 Ga. 460, 464 (145 SE2d 499) (1965) cert. denied 385 U. S. 893 (87 SC 27, 17 LE2d 127) (1966). This enumeration of error is also without merit.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 14, 1992.

*Franklin H. Thornton*, for appellant.

*Robert E. Wilson, District Attorney, Gregory A. Adams, Barbara B. Conroy, Assistant District Attorneys*, for appellee.