A93A1189. IN THE INTEREST OF R. J. C., a child.
(435 SE2d 759)

BEASLEY, Presiding Judge.

The State appeals the trial court's grant of a juvenile's motion to suppress statements made by him to police. OCGA § 5-7-1 (4).

Cherokee County Sheriff's Department Detectives Johanson and Kattaron, and Lieutenant Keenum, appeared at the 14-year-old's house at approximately 1:30 to 2:00 a.m. on a Sunday morning, seeking to question him in their investigation of a burglary and arson after a midnight residential fire elsewhere. The two detectives went to the door, and their knock was answered by the child's stepfather, who had been drinking. The detectives said they wanted to talk to the boy. Although the stepfather initially balked at getting him out of bed at that hour, he subsequently agreed to awaken him and accompany him to the precinct with the officers so they could talk to him. The stepfather testified that he agreed to do this after the officers threatened to obtain a warrant and keep the child in jail for the remainder of the weekend unless they were permitted to talk to him. He testified that one of the detectives actually went to their car to go for a warrant, so he relented. The officers denied this.

At the precinct, the boy and his stepfather read a *Miranda*

waiver form which was explained to them, stated that they understood it, and signed it. The stepfather testified that before they signed the *Miranda* waiver form and before Detective Johanson began questioning his stepson, the detective said, " 'we don't think that you set this fire, but we think that you were with the person that did. And what we do in a case like this, is we take the person that we think is less guilty and let them turn State's evidence and testify against the other one and then set him free, let him go.' "

The officers denied that such a statement was made. They testified that although it is standard procedure to tape-record a suspect's statement, this statement was not recorded because of the lack of funds for tapes.

A petition was filed in juvenile court alleging that R. J. C. is a delinquent child by reason of having committed arson in the first degree. His motion to suppress his statements was grounded on the bases that any statements were in the absence of counsel without any knowing and intelligent waiver, were not made within the guidelines of the standards set forth in *Miranda,* and were not voluntary under the totality of the circumstances. Following a hearing, the court granted the motion, stating that "it is the Court's finding that due to the lack of and unavailability of any recording of the alleged statement, the age of the defendant (sic), and circumstances under which the alleged statements were made to the officers it is the Order of this Court that said statement and all evidence adduced from said statement is suppressed. . . ."

Analysis begins with the following rules. "The *test* for admissibility of custodial confessions was established in Miranda v. Arizona, [384 U. S. 436, 479 (86 SC 1602, 16 LE2d 694) (1966)]. The *standard* for determining the admissibility of confessions is the preponderance of the evidence. Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972); *High v. State,* 233 Ga. 153 (210 SE2d 673) (1974); *Hurt v. State,* 239 Ga. 665, 669 (238 SE2d 542) (1977). To determine whether the state has proven that a confession was made voluntarily, the trial court must consider the totality of the circumstances. Clewis v. Texas, 386 U. S. 707 (87 SC 1338, 18 LE2d 423) (1967); [cit.]." (Emphasis supplied.) *Gates v. State,* 244 Ga. 587, 590 (1) (261 SE2d 349) (1979). To these are added the rule that for juvenile cases, the trial court is to consider the factors identified as relevant to the "totality of the circumstances" test in *Riley v. State,* 237 Ga. 124, 128 (226 SE2d 922) (1976).[1]

As to the facts, when examining the admissibility of a statement

---

[1] See generally *Lane v. State,* 247 Ga. 19, 20 (3) (273 SE2d 397) (1981). Compare *In the Interest of L. E. S.,* 197 Ga. App. 494 (398 SE2d 809) (1990).

in an appellate review, "[u]nless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal. [Cits.]" *Gates*, supra at 590-591. This case involves disputed facts, not undisputed ones, and it is evident that the court was not persuaded that the evidence proved that the statement was voluntary, although the court did not expressly make this finding.

First, contrary to the State's arguments, the evidence authorized the court to find that the detectives' interrogation of the child was custodial, in that a reasonable person in his situation would have believed that he was physically deprived of his freedom of action in a significant way. *Childs v. State*, 257 Ga. 243, 247 (3a) (357 SE2d 48) (1987), cert. den. 484 U. S. 970, reh. den. 484 U. S. 1047. Moreover, he was a suspect. See the authorities discussed in *Wilson v. State*, 208 Ga. App. 812 (432 SE2d 211) (1993) (dissent).

Next, the court order did not hold that, as a matter of law, confessions may not be orally recalled rather than tape-recorded; it merely sought more convincing evidence, in the easily obtainable form of a tape-recording. The law, of course, does allow oral testimony concerning statements. See, e.g., *Hilliard v. State*, 128 Ga. App. 157, 158 (3) (195 SE2d 772) (1973). A properly identified and authenticated tape-recording may also be used as evidence of the statement. *Harris v. State*, 237 Ga. 718, 724 (5) (230 SE2d 1) (1976), cert. den. 431 U. S. 933, reh. den. 434 U. S. 882, modified on other grounds, *Harris v. Hopper*, 243 Ga. 244 (253 SE2d 707) (1979). Likewise, a videotaped confession is allowable in evidence. *Gates*, supra. That is not to say, and the trial court did not erroneously conclude, that an electronic recording of the statement was required. A panel of this court has previously rejected that contention. *Coleman v. State*, 189 Ga. App. 366 (1) (375 SE2d 663) (1988). The contention was based on *Stephan v. State*, 711 P2d 1156, 1159 (3) (Alaska 1985), which held that an unexcused failure to electronically record a custodial interrogation conducted in a place of detention violates a suspect's right to due process under the Alaska Constitution although not under the United States Constitution.[2]

---

[2] Alaska's view is not generally accepted. See the cases collected in *People v. Raibon*, 843 P2d 46, 48 (1) (Colo. App. 1992). Alaska's view was also rejected in *State v. Buzzell*, 617 A2d 1016, 1018 (2) (Me. 1992); *State v. Spurgeon*, 820 P2d 960, 961 (1) (Wash. App. 1991); *Gale v. State*, 792 P2d 570, 587 (5) (Wyo. 1990); and *People v. Everette*, 543 NE2d 1040, 1047 (7) (Ill. App. 1989). However, Alaska's view has been accepted in *Smith v. State*, 548 S2d 673 (3) (Glickstein, J., concurring) (Fla. Dist. Ct. App. 1987); *Ragan v. State*, 642 SW2d 489 (3) (Tex. Cr. App. 1982) (Tex. Code Cr. Proc. Ann., Art. 38.22, § 3, requiring that oral statements of the accused must be recorded in order to be admissible); *A Model Code of Prearraignment Procedure* § 130.4 (requiring sound recordings of custodial interviews).

Citing *California v. Trombetta*, 467 U. S. 479 (104 SC 2528, 81 LE2d 413) (1984), courts addressing the question have held that the due process requirements of the United States

Finally, the court was authorized by the evidence to find that the State did not carry its burden of showing by a preponderance of thé evidence that the juvenile knowingly and voluntarily waived his constitutional rights. State law requires: "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50. A hope of light punishment is usually the "hope of benefit" to which the statute refers. *State v. Barber*, 197 Ga. App. 353, 354 (398 SE2d 419) (1990).

Examined under both federal constitutional law and state statute, we hold that the court did not err in granting the motion to suppress the juvenile's statements.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED SEPTEMBER 16, 1993.

*Garry T. Moss, District Attorney, Margaret E. Daly, Assistant District Attorney*, for appellant.

*Louis M. Turchiarelli*, for appellee.

---

Constitution do not require tape recording of custodial statements. See *Stephan v. State*, supra, 711 P2d at 1160.