A93A1961, A93A1962. IN THE INTEREST OF D. Q. H. et al., children.
(441 SE2d 411)

McMURRAY, Presiding Judge.

The State filed delinquency petitions against D. Q. H. and M. C. in the Juvenile Court of Hall County alleging they committed an act which, if it had been committed by an adult, would have constituted aggravated child molestation. D. Q. H. and M. C. moved to suppress statements they made to the police, as well as the results of medical tests that were performed upon them. The juvenile court granted the motions to suppress and the State appealed.

The juvenile court did not enter a final order in either case. To the contrary, the juvenile court continued these cases pending the outcome of these appeals. Moreover, the juvenile court did not certify its ruling for immediate review and the State did not pursue an interlocutory appeal. Rather, the State appealed directly. *Held*:

OCGA § 5-7-1 provides, in part: "An appeal may be taken by and on behalf of the State of Georgia from the superior courts and such other courts from which a direct appeal is authorized to the Court of Appeals of Georgia and the Supreme Court of Georgia in criminal cases in the following instances: . . . (4) From an order, decision, or judgment sustaining a motion to suppress evidence illegally seized in the case of motions made and ruled upon prior to the impaneling of a jury." This provision is to be construed narrowly, against the State, and it is not to be extended by judicial construc-

tion. *State v. McIntyre*, 191 Ga. App. 565 (382 SE2d 669); *State v. Hollomon*, 132 Ga. App. 304, 306 (208 SE2d 167).

Relying upon OCGA § 5-7-1, the State asserts it is entitled to appeal directly from the juvenile court's suppression orders.

Narrowly construing OCGA § 5-7-1, we must conclude that it does not authorize the State to directly appeal in this case. Why? Because the statute only allows the State to appeal directly in criminal cases and this case is a delinquency case, i.e., a civil case. See *Hampton v. Stevenson*, 210 Ga. 87 (1) (78 SE2d 32); *Whitman v. State*, 96 Ga. App. 730, 732 (2) (101 SE2d 621). See also *T. L. T. v. State of Ga.*, 133 Ga. App. 895, 897 (212 SE2d 650) (juvenile court is civil court and adjudication of delinquency is not a conviction of a crime). If the legislature intended for the State to appeal directly in delinquency cases, it could have so specified; but it did not do so, and we are not empowered to extend the statute to cover cases of this kind. *State v. Gribble*, 169 Ga. App. 446 (313 SE2d 720).

" 'The order appealed from . . . is not one of the instances in which the state is granted the right of appeal . . . The General Assembly having placed the specific conditions upon appeals by the state in criminal cases which are contained in [OCGA § 5-7-1], we will not by judicial construction extend the right of appeal beyond these instances . . .' *State v. Hollomon*, 132 Ga. App. 304, 305-6[, supra]." *State v. Gribble*, supra.

*Appeals dismissed. Johnson and Blackburn, JJ., concur.*

ON MOTION FOR RECONSIDERATION.

Citing *In the Interest of R. J. C.*, 210 Ga. App. 286 (435 SE2d 759), and *In the Interest of S. B.*, 207 Ga. App. 60 (427 SE2d 52), the State points out that this court previously decided juvenile cases on the merits even though the State appealed directly pursuant to OCGA § 5-7-1 (4). In that vein, the State again asserts that this court has jurisdiction to entertain this appeal. We disagree.

The fact that this court previously determined the merits of appeals such as this counts for nought. As it is said: "[A]s against an attack on the judgments of this court as settling the rights of the parties, as there presented for adjudication, a presumption of law exists that in those cases this court of its own motion considered the question of its jurisdiction, and as between the parties the decisions became binding as the law of the case. But this presumption of law does not have the effect of clothing these judgments with the character of judicial precedents which, under the principle of stare decisis, bind this court in subsequent cases. . . . 'The most that can be said is that the point was in the cases if anyone had seen fit to raise it. Questions which merely lurk in the record, neither brought to the attention of

the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.'" *Albany Fed. Savings &c. Assn. v. Henderson*, 198 Ga. 116, 134 (31 SE2d 20).

*Motion for reconsideration denied.*

DECIDED JANUARY 25, 1994 —
RECONSIDERATION DENIED MARCH 4, 1994.

*Lydia Sartain, District Attorney, Jessica V. Moss, Assistant District Attorney*, for the State.

*Adam & Talley, James M. Adam*, for D. Q. H.

*Thompson & Fox, David A. Fox, Robert A. Pinel*, for M. C.