A98A2004. HOLLAND et al. v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY et al.
(513 SE2d 48)

BLACKBURN, Judge.

David and Ruby Holland appeal the judgment of the trial court in the underlying interpleader action in which the proceeds of a policy issued by State Farm Mutual Automobile Insurance Company (State Farm) were awarded to the Georgia Department of Medical Assistance (DMA) and Floyd Medical Center (FMC). The Hollands contend the trial court erred by: (1) awarding the entire insurance proceeds to the DMA and FMC, for liens pursuant to OCGA § 49-4-149 and OCGA § 44-14-470 et seq., respectively, rather than awarding all or some of the proceeds to Ruby Holland for her loss of consortium claim; (2) awarding the entire insurance proceeds to the DMA and FMC rather than David Holland because he had not been made whole by payment of the insurance proceeds; and (3) denying David Holland's request for attorney fees. We affirm in part, finding that

---

the awards to the DMA and FMC were proper. We reverse and remand, however, with respect to the claim for attorney fees.

The record shows that on June 8, 1996, David Holland was badly injured in an automobile accident while a passenger in a car owned by a State Farm insured. David Holland was treated for his injuries at FMC. In August 1996, Mr. Holland applied for and received Medicaid benefits. The total of the Medicaid benefits paid on Mr. Holland's behalf by the DMA and the expenses for medical care provided to Mr. Holland by FMC which were ineligible for Medicaid reimbursement exceed $64,000.

David and Ruby Holland filed suit against State Farm's insured asserting claims for his injuries and her loss of consortium.[1] Subsequently, the DMA and FMC asserted liens on David Holland's cause of action against State Farm's insured pursuant to OCGA §§ 49-4-149 and 44-14-470 et seq., respectively. OCGA § 44-14-470 provides that a hospital "shall have a lien for the reasonable charges for hospital . . . care and treatment of an injured person, which lien shall be upon any and all causes of action accruing to the person to whom the care was furnished . . . on account of injuries giving rise to the causes of action and which necessitated the hospital . . . care, subject, however, to any attorney's lien." OCGA § 49-4-149 establishes a similar lien in favor of the DMA and allows the DMA to perfect and enforce the lien pursuant to the provisions of OCGA §§ 44-14-470 through 44-14-473.

State Farm filed the interpleader action requesting the trial court to determine the priority of liens on the insurance proceeds asserted by the DMA and FMC. Thereafter, David Holland stated his intention to forego his cause of action so that Ruby Holland could recover on her loss of consortium claim.

1. In their first and second enumerations of error, the Hollands contend that the trial court should have awarded the entire proceeds of the policy to Ruby Holland in satisfaction of her loss of consortium claim. The Hollands contend that State Farm did not allocate the proceeds between Ruby Holland and David Holland, and therefore, the liens did not attach.[2] However, the record shows that State Farm did in fact allocate the insurance proceeds to David Holland's claim. In its complaint for interpleader, State Farm asserted: "State Farm wants to pay out [its] policy limits coverage of $25,000.00 to cover the cost of Holland's medical treatment. However, State Farm may not do so without exposing itself to liability due to the existence of the

---

[1] David Holland and Ruby Holland divorced after the accident.

[2] The Hollands do not dispute that State Farm can pay its policy limits to one claimant to the detriment of another, *Allstate Ins. Co. v. Evans*, 200 Ga. App. 713 (409 SE2d 273) (1991), but instead only contend that State Farm had not done so.

hospital lien filed by FMC and possible liens filed by the [DMA]." As State Farm paid its policy limits for the cause of action asserted by David Holland, the liens attached to the insurance proceeds.

The Hollands erroneously contend that the insurance payment is not associated with David Holland's claim and is not subject to the liens asserted by the DMA and FMC. They argue that since David Holland agreed to forego his cause of action, Ruby Holland's loss of consortium claim is the only independent claim, and it is not subject to the liens. However, as David Holland's claim was pending at the time State Farm filed the interpleader and is still pending, this argument has no merit. The trial court did not err in awarding the insurance proceeds to the DMA and FMC.

2. In their third enumeration of error, the Hollands contend the trial court erred in awarding the entire insurance proceeds to the DMA and FMC rather than David Holland because Mr. Holland was not made whole prior to the satisfaction of the lienholders' interest. The Hollands argue for an expansion of the "complete compensation rule" set forth in *Duncan v. Integon Gen. Ins. Corp.*, 267 Ga. 646 (482 SE2d 325) (1997).[3] However, as that rule only applies to the subrogation rights of an insurance carrier who has received payments from the injured party, it has no application in the present case, and we decline to expand the rule. The trial court did not err.

3. In their fourth enumeration of error, the Hollands contend the trial court erred in denying David Holland's claim of a lien for attorney fees on the insurance proceeds. The trial court found the Hollands failed to assert the lien timely and that the lien for attorney fees did not take priority over the liens asserted by the DMA and FMC. We disagree. Based on our decision in Division 1, the trial court erred by failing to recognize the claim of lien for attorney fees. The lien for attorney fees was not ripe until some recovery was made on Mr. Holland's claim, which would not have been until the trial court's award. David Holland first asserted the claim of lien in his motion for reconsideration, after the trial court had entered judgment in favor of the DMA and FMC. The claim was timely. Furthermore, the liens established by OCGA §§ 44-14-470 and 49-4-149 are subject to any attorney's lien. OCGA §§ 44-14-470 (b); 49-4-149 (b); *Ramsey v. Sumner*, 211 Ga. App. 202 (438 SE2d 676) (1993). However, since the trial court did not receive evidence of the amount of the lien, this case is reversed and remanded with respect to the claim of lien for attorney fees so that the trial court can determine the amount of the lien.

*Judgment affirmed in part, reversed in part and case remanded.*

---

[3] "Georgia public policy strongly supports the rule that an insurer may not obtain reimbursement unless and until its insured has been completely compensated for his losses." *Duncan* at 647.

*Johnson, C. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 24, 1999 —
RECONSIDERATIONS DENIED MARCH 10, 1999 — 

*Rodney L. Mathis*, for appellants.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Stephanie B. Hope, Per B. Normark, Assistant Attorneys General, Kinney & Kemp, Wayne E. Brooks, Jr., Shaw, Maddox, Graham, Monk & Boling, Julius W. Peek, Jr., Vaughan & Tilley, Velma C. Tilley*, for appellees.