## A00A0094. HOLLAND v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

(536 SE2d 270)

RUFFIN, Judge.

David Holland appeals from the trial court's order setting forth the amount of an attorney fee lien on certain insurance proceeds. For reasons discussed below, we affirm.

Many of the relevant facts of this case are discussed in *Holland v. State Farm &c. Ins. Co.*[1] David and Ruby Holland sued State Farm's insured for injuries David Holland sustained in an automobile accident. The Georgia Department of Medical Assistance (DMA) and Floyd Medical Center (FMC) asserted liens on David Holland's cause of action pursuant to OCGA §§ 49-4-149 and 44-14-470. State Farm then filed an interpleader action seeking to determine the priority of the liens asserted by DMA and FMC. David Holland asserted a lien for attorney fees on the insurance proceeds pursuant to OCGA § 15-19-14 (b). The trial court in the interpleader action held, among other things, that the attorney fee lien was not asserted timely and was subordinate to the liens asserted by DMA and FMC. We reversed this ruling, holding that the lien was timely asserted and took priority over the DMA and FMC liens.[2] Because the trial court did not receive evidence of the amount of the lien, we remanded the case so that it could "determine the amount of the lien."[3]

On remand, David Holland's attorney filed a "Motion for Attorneys Fee," seeking attorney fees and costs in the amount of $11,822.81 pursuant to a contingency fee contract with David Holland. Following a hearing, the trial court entered an order finding that "the sum of $2,000.00 for attorney fees, and $110.00 in costs is an appropriate award of attorney fees." The court refused to apply the contingency fee contract, noting that "the insurer timely paid the entire insurance proceeds, $25,000.00, into the registry of the Court" and that "the majority of the time and expense in litigation in the case concerned the priority of the medical liens which was ultimately resolved against the Hollands." David Holland appeals, contending that the trial court erred in refusing to calculate the amount of attorney fees pursuant to the contingency fee contract.[4] However, he

---

[1] 236 Ga. App. 832 (513 SE2d 48) (1999).

[2] Id. at 834 (3).

[3] Id.

[4] As an initial matter, we question whether David Holland is the proper party to appeal the trial court's order. Only a party who has been "aggrieved" by a judgment has the right to appeal the judgment. *In the Interest of B. R. W.*, 242 Ga. App. 232, 238 (3) (530 SE2d 5) (2000). It would appear that the one aggrieved by a ruling that an attorney fee lien does not extend to certain assets is the attorney, not the client. However, we are bound by the law of the case, since in our prior opinion we necessarily decided that David Holland had the right

failed to include a transcript of the hearing, at which the trial court heard evidence regarding the amount of attorney fees.

We have previously held that an attorney fee lien attaches only to "the fruits of the labor and skill of the attorney . . . so long as they are the result of his exertions."[5] Furthermore, "[w]hile the statute safeguards an attorney's right to a fee which has been earned, it does not control how the amount of the fee is determined."[6] Implicit in the trial court's decision is a finding that State Farm's payment of the insurance proceeds was not entirely the result of the attorney's exertions on behalf of David Holland or the fruit of his labor and skill in prosecuting David Holland's cause of action. In the absence of a transcript, we cannot say that such a finding was in error. We note that the contingency fee contract provided that a fee would be recoverable for funds recovered through "settlement or trial" of David Holland's claim against the tortfeasor. State Farm paid the policy limits into the registry of the court in its own interpleader action, without admitting liability and without reference to any lawsuit filed by David Holland. Holland's attorney admitted in the interpleader action that State Farm did not pay the funds pursuant to any settlement. Moreover, in the interpleader action, the attorney asserted that Holland "does not have to maintain a suit against the underlying tortfeasor if he does not want to do so. At this point in time, he *does not* want to do so." Thus, according to the attorney, Ruby Holland was "the only person standing before this Court asserting an independent cause of action," and the entire insurance proceeds should have been paid to her. Although, in our previous opinion, we rejected the argument that, because David Holland disclaimed any interest in pursuing an action against the tortfeasor, DMA and FMC had no lien on the funds, the statements by Holland's attorney constitute an implicit admission that the funds were not recovered through his efforts in prosecuting David Holland's claim against the tortfeasor. Under these circumstances, and in the absence of a transcript of the attorney fee hearing, the trial court's order must be affirmed.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

---

to appeal the trial court's ruling. See *Albany Fed. Sav. &c. Assn. v. Henderson,* 198 Ga. 116, 134 (31 SE2d 20) (1944) ("a presumption of law exists that . . . this court of its own motion considered the question of its jurisdiction, and as between the parties the decisions became binding as the law of the case"); *In the Interest of D. Q. H.,* 212 Ga. App. 271, 272-273 (441 SE2d 411) (1994).

[5] (Punctuation omitted.) *Recoba v. State,* 167 Ga. App. 447, 449 (306 SE2d 713) (1983).

[6] *Greer, Klosik & Daugherty v. Yetman,* 269 Ga. 271, 274 (1) (496 SE2d 693) (1998).

DECIDED JUNE 23, 2000.

*Rodney L. Mathis*, for appellant.
*Kinney, Kemp, Sponcler, Joiner & Tharpe, Wayne E. Brooks, Jr.,
F. Gregory Melton*, for appellee.